## DAVID W. COOK *vs.* MARSHALL MILLS.

An overdue negotiable promissory note of a plaintiff, indorsed to and held by the defendant before the commencement of an action against him, is a proper subject of set-off, although no notice that the defendant held the same was given to the plaintiff, before the commencement of the action.

CONTRACT to recover $281, being the price of labor and materials. The answer, among other defences, set up that the defendant held a promissory note of the plaintiff, for $473, payable on demand to Lewis Smith or order, and indorsed by Smith to the defendant before the commencement of the action.

At the trial in the superior court, before *Putnam*, J., it appeared that Smith indorsed the note of the plaintiff to the defendant for a good and valuable consideration, after the expiration of sixty days from its date, and before the commencement of this action, but that no notice of the transfer had been given to the plaintiff, and there was no evidence that the plaintiff had knowledge thereof, before the commencement of the action. The judge ruled that the note could not be set off against the plaintiff's claim, and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*S. P. Twiss*, for the defendant.

*W. A. Williams*, for the plaintiff.

BIGELOW, C. J.   The demand which the defendant filed in set-off seems to come within the provisions of the statute of set-off.   Gen. Sts. *c.* 130, §§ 1–4.   It belonged to him in his own right before the commencement of the present action.   It was then a debt due, for which he might have commenced a suit against the plaintiff, in his own name.   It seems also to be a claim which falls within the terms of the technical definition of a set-off — a debt for which an action might be maintained by the defendant against the plaintiff; that is, a debt for a certain specific pecuniary amount, and recoverable in an action *ex contractu*.   It is in a strict sense a " cross " debt or demand due to the defendant, unconnected with the plaintiff's claim, so that it could not be shown in payment or reduction of the amount due thereon at common law.   Nor is there any want of mutuality in the debts due to the respective parties.   They are owing absolutely from the one to the other, and each constituted a valid and specific claim for a definite and fixed sum when the suit was commenced.   As the main purpose of the statute of set-off was to allow a defendant to establish his debt against the plaintiff without resorting to a separate action, and thus to avoid multiplicity of suits, it seems to us that the case at bar is one which comes clearly within the equity as well as the letter of the statute.   Chit. Con. (7th Amer. ed.) 840.   Babington on Set-off, 3.   *Cornforth* v. *Rivett*, 2 M. & S. 510.   *Eland* v. *Karr*, 1 East, 375.   *Hankey* v. *Smith*, 3 T. R. 507.   Nor are we able to see that any wrong or injustice is done to the plaintiff, in permitting the defendant to set up the note of which he is the indorsee in answer to the plaintiff's claim.   All matters of defence to the note are open to him in like manner as if an action had been brought upon it.   Gen. Sts. *c.* 130, § 17.   Nor can he complain that his note has passed into the hands of an indorsee without notice to him.   Having made his promise negotiable, he is legally liable to any *bona fide* holder and actual indorsee. If he suffers any hardship in the matter of costs, which practically must be very slight, it is one of the incidents resulting

·from the nature of the contract into which he voluntarily en‐ tered. And this he can always avoid by taking care to pay his promissory notes which are overdue, before commencing an ac‐ tion on demands due to himself.

It was urged that the defendant could not support his set-off, because the plaintiff had received no notice that the note filed by the defendant had been indorsed to him before the com‐ mencement of this action. This argument is founded on the clause contained in the fifth section of the statute of set-off, re‐ lating to demands which have been assigned to a defendant. But this provision was not intended to apply to negotiable pa‐ per, but only to demands in which the assignee takes merely an equitable interest, and where the legal title and the right of ac‐ tion still remain in the assignor. This is manifest from the lan‐ guage of the statute, which expressly limits the operation of the section to demands which were " not originally payable to the defendant." This is not applicable to promissory notes, be‐ cause, being made payable to a payee or his order, or bearer, they are originally payable to any person who becomes the legal holder of the contract. Such has been the interpretation which has uniformly been given to this provision of the statute of set‐ off. *Baxter* v. *Little*, 6 Met. 7, 10. *Ranger* v. *Cary*, 1 Met. 375. *Commonwealth* v. *Phœnix Bank*, 11 Met. 129, 136.

*Exceptions sustained.*